STEWART MANAGO
FULL NAME
NORTH KERN STATE PRISON
COMMITTED NAME (if different)
PO BOX 5005
FULL ADDRESS INCLUDING NAME OF INSTITUTION
DELANO CALIFORNIA 93212

IN-PRO-PER
PRISON NUMBER (if applicable)
BN 4545

**FILED**

Dec 01, 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Scanned at CDCR and E-Mailed
on  12/1/21  by  J.IL
(date)       (initials)
Number of pages scanned: 28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

STEWART MANAGO

PLAINTIFF,

v.

CITY OF BARSTOW, ET.AL

DEFENDANT(S).

CASE NUMBER

1:21-cv-01708-DAD-SAB

*To be supplied by the Clerk*

DEMAND FOR A JURY TRIAL

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No

2.  If your answer to "1." is yes, how many? __4.__

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

3. MANAGO V. MCMAHON, ET.AL, CASE NO. 5:21-CV-01370-MCS-KES,

4. MANAGO V. M. MARTINEZ, ET.AL, CASE NO. 5:21-CV-1939-MCS-KES

5. MANAGO V. KELLY SANTORO, ET.AL, CASE NO. 1:21-CV-1464-JLK  AND

6. MANAGO V. K. SANTORO, ET.AL, CASE NO. 1:21-CV-01616-BAM (PC)

7. PLAINTIFF IS A "THREE STRIKES" UNDER 28 U.S.C. SECTION 1915(G)
   AND PLAINTIFF WILL PAY THE FULL FILING FEE OF A TOTAL OF $402.
   00, AS REQUIRED WITHIN 30 DAYS FROM PLAINTIFF'S PRISON ACCOUNT,
   ONCE THE COURT CLERK PROVIDED THE NEW CASE NUMBER.

COMPLAINT FOR DAMAGES

a. Parties to this previous lawsuit:

Plaintiff _MANAGO_

Defendants _WILLIAMS, ET.AL_

Scanned at CDCR and E-Mailed
on _12/1/21_ by _J.K_
       (date)           (initials)
Number of pages scanned: _28_

b. Court _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _SETTLED OUT OF COURT_

f. Issues raised: _____

g. Approximate date of filing lawsuit: _2007_

h. Approximate date of disposition _2016_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes   ☐ No

   If your answer is no, explain why not _PLAINTIFF FILED CITIZEN COMPLAINTS WITH THE BARSTOW POLICE DEPARTMENT,' SHERIFF'S DEPARTMENT,' AND SUPERVISING JUDGES, IN THE COUNTY OF SAN BERNARDINO_

3. Is the grievance procedure completed? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _STEWART MANAGO, CDCR NO. 4545_
                                                            (print plaintiff's name)
who presently resides at _NORTH KERN STATE PRISON, PO BOX 5005, DELANO CA 93216_,
                          (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_COUNTY OF SAN BERNARDINO_
       (institution/city where violation occurred)

_COMPLAINT FOR DAMAGES_

on (date or dates) _____ , _____ , _____ .
                    (Claim I)          (Claim II)         (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant S. MIRIAM I. MORTON, BRYAN STODGHILL, AND MICHAEL CAMBER _____ resides or works at
    (full name of first defendant)

14455 CIVIC DR., VICTORVILLE CA. 92392
(full address of first defendant)

DEFENDANTS ARE SUPERIOR COURT JUDGES, IN VICTORVILLE CALIFORNIA
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law: DEFENDANTS MORTON, STODGHILL, AND CAMBER ACTED IN DIRECT CONCERT WITH THE PEOPLE, TO FAIL TO DISCLOSE AND TURN OVER BRADY EVIDENCE TO DELIBERATELY DEPRIVE PLAINTIFF OF HIS 4TH, 5TH, 6TH AND 14TH FEDERAL RIGHTS

2. Defendant S. DAVID J. FOY, S. MONTAZEB, AND J. FIMBRE Q (FIMBRES) _____ resides or works at
    (full name of first defendant)

14455 CIVIC DRIVE, VICTORVILLE, CALIFORNIA 92392
(full address of first defendant)

DEFENDANTS ARE DEPUTY DISTRICT ATTORNEYS, IN SAN BERNARDINO COUNTY
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law: DEFENDANTS FOY, MONTAZEB AND FIMBER ACTED IN DIRECT CONCERT WITH THE PEOPLE, TO FAIL TO DISCLOSE AND TURN OVER BRADY EVIDENCE TO DELIBERATELY DEPRIVE PLAINTIFF OF HIS 4TH, 5TH, 6TH AND 14TH FEDERAL RIGHTS

3. Defendant S. P. SHAH, B. WOOD, AND STUART OMELVENY _____ resides or works at
    (full name of first defendant)

14455 CIVIC DRIVE, VICTORVILLE, CALIFORNIA 92392
(full address of first defendant)

DEFENDANTS ARE CONFLICT PANEL ATTORNEYS
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law: DEFENDANTS SHAH, WOOD, AND OMELVENY ACTED IN DIRECT CONCERT WITH THE PEOPLE, TO FAIL TO DISCLOSE AND TURN OVER BRADY EVIDENCE TO DELIBERATELY DEPRIVE PLAINTIFF OF HIS 4TH, 5TH, 6TH AND 14TH FEDERAL RIGHTS.

Scanned at CDCR and E-Mailed
on 12/1/21 by JK
   (date)     (initials)    COMPLAINT FOR DAMAGES
Number of pages scanned: 28

3.

A. ESPINOZA, CAPTAIN, J. GILMORE, SERGEANT, M. HELMS, OFFICER, J. ZEPEDA, OFFICER,

4.  Defendant(s) M. ALLEY, OFFICER, AND O. SCHOELEN, CRIME SCENE INVESTIGATOR _____ resides or works at

(full name of first defendant)

220 E. MOUNTAIN VIEW ST. BARSTOW, CA 92311-2889

(full address of first defendant)

DEFENDANTS ARE MEMBERS OF THE BARSTOW POLICE DEPARTMENT

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law: DEFENDANTS ESPINOZA, J. GILMORE, M. HELMS, J. ZEPEDA,

M. ALLEY, AND O. SCHOELEN, ACTED IN DIRECT CONCERT WITH THE PEOPLE, TO FAIL TO DISCLOSE AND TURN OVER

BRADY EVIDENCE TO DELIBERATELY DEPRIVE PLAINTIFF OF HIS 4TH, 5TH, 6TH, AND 14TH FEDERAL RIGHTS

J. CAHON SERGEANT, O. LANSDOWN, SERGEANT, B. TAYLOR, SERGEANT, Z. SCHIRMBECK DEPUTY, R. JEWSBURY,

5.  Defendant(s) J. RAMIREZ, AND L. VANDERKALLEN, SHERIFF CUSTODY SPECIALIST _____ resides or works at

(full name of first defendant)

_____

(full address of first defendant)

DEFENDANTS ARE MEMBERS OF THE SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law: DEFENDANTS CAHON, LANSDOWN, TAYLOR, SCHIRMBECK,

JEWSBURY, RAMIREZ, AND VANDERKALLEN, ACTED IN DIRECT CONCERT WITH THE PEOPLE TO CONCEAL

EVIDENCE IN THE MATTER OF PEOPLE V. MANAGO, CASE NO. FVI17803316, AND FAILED TO TURN

OVER BRADY EVIDENCE TO DELIBERATELY DEPRIVE PLAINTIFF OF HIS 4TH, 5TH, 6TH, 8TH AND

14TH FEDERAL RIGHTS. AND

6.  DOES 1 THROUGH 20, DEFENDANTS ARE MEMBERS OF THE BARSTOW POLICE DEPARTMENT,

SHERIFF'S DEPARTMENT, SUPERIOR COURT, DISTRICT ATTORNEY'S OFFICE AND THE CONFLICT

PANEL ATTORNEYS. DEFENDANTS ARE BEING SUED IN HIS OR HER OWN INDIVIDUAL

CAPACITY, AS ALLEGED IN THIS CIVIL RIGHTS COMPLAINT FOR DAMAGES. GOMEZ V.

TOLEDO, 446 U.S. 635, 640 (1980) AND CF. FRANKLIN V. FOX, 312 F. 3D 423, 445

(9TH CIR. 2002)

Scanned at CDCR and E-Mailed

on 12/1/21 by JK

(date)         (initials)

Number of pages scanned: 28

COMPLAINT FOR DAMAGES

**D. CLAIMS***

**CLAIM I**

Scanned at CDCR and E-Mailed
on __12/1/21__ by __J.K__
(date)          (initials)
Number of pages scanned: 23

The following civil right has been violated:

1. FALSE ARRESTS (42 USC 88 1983)

2. MALICIOUS PROSECUTION, BASED ON FABRICATION OF EVIDENCE (42 U.S.C. 88 1983),

3. MALICIOUS PROSECUTION, BASED ON CONCEALING EXCULPATORY EVIDENCE (42 U.S.C 88 1983)

4. CONSPIRACY (42 U.S.C. SECTIONS. 1983 AND 1985)

5. USE OF EXCESSIVE FORCE (42 U.S.C. 1983),

6. FAILURE TO PROTECT (42 U.S.C. 1983),

7. SUPERVISORY LIABILITY (42 U.S.C 1983) AND

8. CALIFORNIA WHISTLEBLOWER PROTECTION ACT SECTIONS, 8547-8547.15

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. ON AUGUST 29, 2017, PLAINTIFF'S WIFE LILLIAN MANAGO ASKED PLAINTIFF TO COME TO FOGLESONG PARK AND BARSTOW PARK, IN BARSTOW CALIFORNIA. PLAINTIFF DROVE TO THE PARK IN HIS WHITE CHEVY SUBURBAN (SUV)

2. PLAINTIFF OBSERVED NATASHIA KYLE, JONATHAN GONZALEZ, SHANTE, LILLIAN MANAGO AND OTHERS THERE AT THE PARK.

3. LILLIAN MANAGO CAME UP TO THE SUV, THEN SHE TOOK PLAINTIFF'S KEYS AND CELL PHONE, AS LILLIAN MANAGO FLED THE PARK ON FOOT, SHE WENT EASTBOUND ON BUENA VISTA STREET, IN BARSTOW CALIFORNIA

4. PLAINTIFF CONTINUED TO SIT IN HIS WHITE (SUV) AND, PLAINTIFF BEGAN TO CHANGE UP HIS ANKLE MONITOR (GPS).

5. ON AUGUST 29, 2017 AT 11:55 P.M, PLAINTIFF OBSERVED THAT AN UNKNOWN LIGHT SKINNED BLACK MALE SUSPECT GOT DROPPED OFF AT THE PARK, PLAINTIFF OBSERVED THIS YOUNGER BLACK MALE MALE APPROACH VICTIM SHANTE, THE SUSPECT BEGAN BEATING ON VICTIM SHANTE AND STATED THAT VICTIM SHANTE WAS CHEATING ON HIM (THE UNKNOWN BLACK SUSPECT).

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

5.                    COMPLAINT FOR DAMAGES

6. PLAINTIFF OBSERVED THAT VICTIM SHANTE WAS BLEEDING AND LAYING ON THE GROUND. SHE APPEARED TO BE DEAD AND SHE WAS NOT MOVING.

7. PLAINTIFF ALLEGES THAT, ON AUGUST 29,2017, AS PLAINTIFF WAS SITTING IN THE DRIVER SEAT, A MALE SUSPECT WENT UP TO PLAINTIFF'S SUV, OPENED PLAINTIFF'S DOOR, AND PLAINTIFF WAS STABBED IN HIS RIGHT LOWER SIDE.

8. PLAINTIFF EXITED HIS SUV. PLAINTIFF AND THE SUSPECTS BEGAN FIGHTING BY THE WHITE DODGE CAR AND PLAINTIFF WAS STABBED BY A MALE AND A FEMALE.

9. ON AUGUST 29,2017 PLAINTIFF WAS THE VICTIM OF A STABBING ASSAULT, CARJACKING AND KIDNAPPING FROM THE PARK, AND SHANTE WAS THE VICTIM OF A BEATEN AND MURDER AT THE PARK.

10. PLAINTIFF ALLEGES THAT, ON AUGUST 29,2017 AND AUGUST 30,2017, EYE WITNESS MICHAEL SMITH, HAD A CELL PHONE AND MR. SMITH VIDEOTAPED THE INCIDENTS.

11. PLAINTIFF ALLEGES THAT, ON AUGUST 29, 2017 EYE-WITNESS ANNETTE BEAUVAIS MADE A 911 CALL TO BARSTOW POLICE DEPARTMENT, ALLEGING THAT SHE OBSERVED A BLACK MALE ASSAULTING A BLACK FEMALE AT A BARSTOW PARK.
   - CALLER BEAUVAIS STATES THAT SOMEONE IS BEATING ON SOMEONE ELSE. THEY FLATTEN ALL THER TIRES. HE'S BEATING ON HER, SHE IS BLEEDING AND HAS WOUNDS.
   - CALLER BEAUVAIS STATES THAT THEY'RE AT G AVENUE PARK IN BARSTOW. (911 CALLER AUDIO DATED: 8-29-17).

12. ON OR ABOUT AUGUST 29,2017 AT 11:59 A.M, DISPATCHER ADVISED OFFICERS TO REPORT TO THE BARSTOW FOOTHILL'S PARK, TO INVESTIGATE.

13. ON AUGUST 30, 2017, AT 12:04 A.M, UPON DEFENDANTS GILMORE, NELMS, AND ZEPEDA'S ARRIVAL ON THE PARK SCENE, THERE WERE NO SUSPECTS OR VICTIMS ON SCENE RELATING TO THE 911 CALLER BEAUVAIS ON AUGUST 29, 2017

14. PLAINTIFF ALLEGES THAT, ON AUGUST 30,2017 AT 12:06 A.M, DEFENDANT GILMORE, AND NELMS RESPONDED TO THE PARK SCENE, AND THEY OBSERVED "BLOODY KNIVES," BLOODY SCISSORS, AND SMASHED WINDOWS ON MR. AND MRS. MANAGO'S WHITE DODGE VEHICLE. THE VEHICLE WAS EXTENSIVELY VANDALIZED, THE VEHICLE HAD ALL FOUR TIRES FLATTENED AND THE WINDOWS WERE BROKEN. VEHICLE IS REGISTERED TO LILLIAN MANAGO

15. PLAINTIFF ALLEGES THAT, ON AUGUST 30,2017, AT 12:07 A.M, DEFENDANTS GILMORE, NELMS, ZEPEDA AND SCHOELER OBSERVED THAT THE VEHICLE HAD BLOOD ON THE OUTSIDE, AS WELL AS, A PAIR OF SCISSORS ON THE GROUND NEXT TO THE VEHICLE. (CORONARY POLICE REPORT DATED: 8-29-17)

Scanned at CDCR and E-Mailed
on  12/1/21  by  J.K
(date)        (initials)
Number of pages scanned: 22 6.

COMPLAINT FOR DAMAGES

16. ON AUGUST 30, 2017 AT 12:06 A.M, DEFENDANTS GILMORE, HELMS, ZEPEDA, AND SCHACER BEGAN A CRIMINAL INVESTIGATION, WHICH INVOLVED INTERVIEWING WITNESSES, REVIEWING VIDEO AND AUDIO RECORDINGS, AS WELL AS COLLECTING BLOODY KNIVES, BLOODY JACKET, AND OTHER PHYSICAL EVIDENCE AT THE PARK SCENE. ( DISCOVERY POLICE REPORT DATED: 8-29-17)

17. PLAINTIFF ALLEGES THAT, ON AUGUST 30, 2017 WITNESS BEAUVAIS, ADVISED DEFENDANTS GILMORE, HELMS, ZEPEDA, AND OTHERS, AT AROUND 12:05 A.M SHE OBSERVED A "UNKNOWN = OLDER BLACK FEMALE" AND "UNKNOWN BLACK MALE" PLACE THE LIFELESS BODY OF SHANTE, IN THE "WHITE BOXY VAN, AND THEY DRIVE AWAY FROM THE PARK SCENE, WENT EAST BOUND ON BUENA VISITA STREET, IN BARSTOW, CALIFORNIA ( BODY CAM EVIDENCE OF WITNESS BEAUVAIS, DATED: 8-30-17).

18. THE PRIME SUSPECTS IN WHAT IS NOW BELIEVED TO BE HOMICIDE CASE IS (1) THE = OLDER BLACK FEMALE" AND (2) THE LIGHT BLACK MALE," WHO EYE WITNESS ANNETTE = BEAUVAIS, SPOTTED PLACING THE LIFELESS BODY OF SHANTE, IN THE "WHITE BOXY VAN, AND, THE EARLY MORNING OF AUGUST 30, 2017. ( DISCOVERY POLICE REPORT, DATED: 8-29-17)

19. ON AUGUST 30, 2017 AT 2:08 A.M, LILLIAN MANAGO FILED A FALSE POLICE REPORT TO OFFICER HELMS, ALLEGING THAT ON AUGUST 29, 2017 PLAINTIFF HIT HER IN THE MOUTH ONE TIME, AND SHE FELL TO THE GROUND, ( WHICH PLAINTIFF DENIES )

20. ON AUGUST 30, 2017, DEFENDANT M. HELMS, PUT AN ARREST WARRANT OUT FOR PLAINTIFF'S ARREST ON SUSPICION OF ASSAULT WITH A DEADLY WEAPON AND DOMESTIC VIOLENCE ON AUGUST 29, 2017

21. ON AUGUST 30, 2017 DEFENDANTS ESPINOZA, GILMORE, HELMS, AND ZEPEDA KNEW OR SHOULD HAVE KNOWN THAT, ON APRIL 26, 2017, MAY 1, 2017, AND JUNE 8, 2017, JOHNATHAN GONZALEZ, PATASHIA HYLE AND LILLIAN MANAGO, WERE CONSPIRING TO FRAME PLAINTIFF ON SEVERAL CRIMINAL CHARGES, WHICH WERE PROVED TO BE FALSE ( SEE: CAD OPERATION REPORT NUMBERS: (1) 17-018614; (2) 17-018620; (3) 17-019244, (4) 17-019136; AND (5) 17-019138). DEFENDANTS ESPINOZA, GILMORE, HELMS AND ZEPEDA FAILED TO ARREST THEM FOR A VIOLATION OF CALIFORNIA PENAL CODE SECTIONS 148 AND 148.5

22. ON DECEMBER 4, 2017 PLAINTIFF WAS ARRESTED, AND CHARGED WITH DOMESTIC VIOLENCE IN VIOLATION OF CALIFORNIA PENAL CODE SECTIONS 245 AND 273.5 IN THE MATTER OF PEOPLE V. MANAGO, CASE NO. FVI1700 3316 ( COUNTY OF SAN BERNARDINO).

Scanned at CDCR and E-Mailed
on 12/1/21 by JL
(date)        (initials)
Number of pages scanned: 23

7.        COMPLAINT FOR DAMAGES

23. On December 7, 2017 Defendant M. Morton Granted Plaintiff's Brady Status in the matter of People v. Mahago, Case No. FVI17003316, and Defendant M. Morton ordered that Defendant D. Foy, turn over all the Criminal Discovery, pursuant to California Penal Code Section 1054 and Brady Material. Defendants Foy, Gilmore, Helms, Allen, and Schaeler failed to do so.

24. Upon Information and Belief, on August 30, 2017 Defendants Espinoza, Gilmore, Zepeda, Helms and Schaeler, Destroyed Evidence, the "Bloody Knives", and Plaintiffs "Bloody Jacket" and, then submitted Falsified Reports, in violation of BPD: Policy No. 801-General Investigative Guidelines and 1006-Report Accountability.

25. On December 14, 2017 Plaintiff was interviewed by Defendant Foy concerning the matter of People v. Mahago, Case No. FVI17003316 and, Defendant Foy asked Plaintiff "Are You willing to take a deal and Plaintiff told Defendant Foy "No", Defendant Foy asked why not?

26. Plaintiff advised Defendant Foy that, on August 29, 2017, Lillian Mahago asked Plaintiff to come to the Park and upon Plaintiff's arrival at said location, Plaintiff was the victim of (1) a stabbing assault, (2) Carjacking and (3) a kidnapping and Defendants Gilmore, Helms, Zepeda and Schaeler failed to properly investigate the Park and the Highway-58 scenes.

27. At this time, Defendant Foy was advised that, on August 29, 2017 Plaintiff and victim Shante were the victims, and Defendants Espinoza, Gilmore, Helms, Zepeda, and Schaeler, caused the false arrest of Plaintiff, Defendant Foy did not have a Recorder, but he was taking Notes. Defendant Foy advised Plaintiff not to say anything more because Plaintiff was talking too fast, and Defendant Foy advised Plaintiff that he would send a DA Investigator to speak with Plaintiff.

28. On January 4, 2018; Defendants Montazeb, Helms and Allen, came to Defendant Morton's Court Room-V9, and Defendant Morton allowed them to to interview Plaintiff in her Court Room, per Defendant Foy's request on December 14, 2017.

29. At this time, Plaintiff advised Defendants Montazeb, Helms, and Allen that, on August 29, 2017, Lillian Mahago, had asked Plaintiff to come to the Park and upon Plaintiff's arrival there, Lillian Mahago took Plaintiffs Keys and Cell Phone then exited the Park, Plaintiff was stabbed, Carjacked and Kidnapped and Plaintiff showed Defendants Montazeb, Helms and Allen, the Injuries Received on August 29, 2017,

Scanned at CDCR and E-Mailed

on ___12/1/21___ by ___J.L___

(date)          (initials)

Number of pages scanned: 28

B.

Complaint For Damages

30. Plaintiff advised Defendants Montazeb, Allen and Helms that, on August 29, 2017 that the Park Scene and Secondary Scene is Evidence that, Lillian Manago, Patasha Kyle and Lillie Wright, had filed a False Police Report on August 30, 2017, in order to conceal the crimes against Plaintiff and Murder Victim Shante, on August 29, 2017, as shown by Eyewitness Annette Beauvais, Michael Smith, and James Garcy

31. On December 14, 2017 through January 4, 2018, Defendants Foy, Montazeb, Helms and Allen failed to have medical personal to conduct a Physical Examination of Plaintiff.

32. On or about January 8, 2018, Lillian Manago and, her Civil Attorney, had learned about Eyewitness Michael Smith, cell-phone-video footage of the park incidents on August 29, 2017 and August 30, 2017, and on the advise of Lillian Manago's attorneys, she refused to testify in the matter of People V. Manago, case no EVI17003316

33. On January 22, 2018, Lillian Manago, sent Defendant Foy an E-mail which stated as follows:
   - My name is Lillian Manago and the reason for this E-mail is to inform you that I plead the fifth.

34. On January 22, 2018 Defendant Foy sent Lillian Manago the following response:
   - As a subpoenaed witness, you are still required to be in court on 1-29-2018. We can deal with your 5th Amendment issue at that time, what is the basis for your invoking the fifth?

35. On January 29, 2018, at the (Preliminary Hearing), Defendants Horton and Foy conspired to conceal the Interview Reports on December 14, 2017; and January 4, 2018 Plaintiff's statements, to Defendants Montazeb, Foy, Helms and Allen.

36. On January 29, 2018, Defendants Horton, Foy, Helms, Allen, and Shah, conspired not to allow Plaintiff not to call Lillian Manago, as a Defense witness at the Preliminary Hearing, which violated Plaintiff's Sixth Amendment Right.

37. At this time, Lillian Manago did invoke her 5th Amendment Right in the EVI17003316 case, then Defendant Horton appointed Defendant Shah, to represent Lillian Manago

Scanned at CDCR and E-Mailed
on __12/1/21__ by __J.K__
        (date)              (initials)
Number of pages scanned: 28

9.                    Complaint for Damages

38. AFTER DEFENDANT SHAH'S CONVERSATION WITH LILLIAN MANAGO, HE ADVISED THE
COURT THAT LILLIAN MANAGO HAD A LEGAL BASIS FOR INVOKING HER 5TH AMENDMENT RIGHT,
AND MRS. MANAGO DID NOT TESTIFY AT THE PRELIMINARY HEARING, AFTER PLAINTIFF
CALLED LILLIAN MANAGO AS A MATERIAL WITNESS TO IMPEACH DEFENDANT HELMS, FALSE
AND MISLEADING POLICE REPORT ON AUGUST 29, 2018, WHICH VIOLATED PLAINTIFF'S 6TH AND
14TH.

39. ON JANUARY 29, 2018, PRIOR TO THE PRELIMINARY HEARING, DEFENDANTS MORTON, FOY,
GILMORE, HELMS, ALLEN, ESPINOZA, AND SHAH, DID NOT TURN OVER THE FOLLOWING
= BRADY EVIDENCE = THAT = WAS AVAILABLE AT OR BEFORE THE PRELIMINARY HEARING, WHICH
ARE FOLLOWS: (1) PLAINTIFF'S GPS-DATA DATED: 8-29-17; AND 8-30-17; (2) DEFENDANT HELMS, FULL
INTERVIEW REPORTS WITH WITNESSES: ANNETTE BEAUVAIS, JAMES CAREY, PATASHIA KYLE, LILLIE
WRIGHT AND MICHAEL SMITH DATED: 8-30-17, (3) DEFENDANT GILMORE'S INTERVIEW REPORTS WITH
PATASHIA KYLE; ANNETTE BEAUVAIS, PAROLE AGENT C. HAIOL, LILLE WRIGHT AND THE OTHER
THREE (3) BLACK SUSPECTS, DATED: 8-30-17 (4) DEFENDANT ZEPEDA'S INTERVIEW REPORTS WITH
ANNETTE BEAUVAIS; AND CSI. SCHOOLER AT THE PARK SCENE DATED: 8-30-17 (5) ALL THE BODY CAM
FOOTAGE OF DEFENDANTS GILMORE, HELMS, ZEPEDA AND OTHER BPD OFFICERS DATED: 8-30-17 (6)
THE CRIME SCENE, AT THE PARK OF THE = BLOODY KNIVES, = DATED: 8-30-17 (7) DEFENDANT SCHOOLER'S
INVESTIGATIVE REPORTS FROM BEING TREATED ON HIGHWAY-58 DATED: 8-30-17 (8) LILLIAN MANAGO'S
ALLEGED MEDICAL REPORTS FROM BEING TREATED ON HIGHWAY-58 DATED 8-30-17 (9) ANNETTE
BEAUVAIS, 911 CALL; (10) PAROLE AGENT C. HAIOL REPORT WITH DEFENDANT GILMORE, DATED:
8-30-17, (11) DEFENDANT FOY'S INTERVIEW OF STEWART MANAGO DATED: 12-4-17 (12)
DEFENDANT MONTAZED'S INTERVIEW WITH STEWART MANAGO DATED: 1-4-18 (13) DEFENDANT
HELMS' INTERVIEW WITH STEWART MANAGO DATED: 1-4-18 (14) DEFENDANT ALLEN'S INTERVIEW
OF STEWART MANAGO DATED: 8-30-17 (15) BARSTOW FIRE DEPARTMENT REPORT DATED: 8-30-17;
(16) DISPATCHER REPORTS DATED: 8-30-17; AND (17) PLAINTIFF'S CELL PHONE DATA, DATED: 12-4-17

40. ON JANUARY 29, 2018 PLAINTIFF WAS AWARE THAT, DEFENDANT'S MORTON, FOY, HELMS,
ALLEN, MONTAZED, AND GILMORE, WERE TRYING MANIPULATE PLAINTIFF, INTO TESTIFYING
AGAINST OTHER DEFENDANTS/SUSPECTS, IN THE PARK INVESTIGATION.

41. PLAINTIFF WAS AWARE THAT, ON JANUARY 29, 2018, PLAINTIFF COULD REFUSE TO TESTIFY
AGAINST LILLIAN MANAGO OR, OTHERS, PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE
SECTION 1219(b), WHICH FORBIDS THE COURT FROM PLACING A DOMESTIC VICTIM WHO REFUSES
TO TESTIFY IN CUSTODY AS A MEANS OF PUNISHING CONTEMPT OF COURT.

Scanned at CDCR and E-Mailed
on 12/1/21 by JK
(date)          (initials)
Number of pages scanned: 28

10.          COMPLAINT FOR DAMAGES

42. PLAINTIFF ALLEGES THAT, ON JANUARY 29, 2018, DEFENDANT MORTON, DECISION TO HOLD PLAINTIFF TO ANSWER AFTER A PRELIMINARY HEARING, WAS BASED ON HER CONSPIRING WITH DEFENDANTS FOY AND DEFENDANT SHAH, TO CONCEAL THE FACT THAT, ON AUGUST 30, 2017 EYE WITNESS ANNETTE BEAUVAIS, HAD IDENTIFIED LILLIAN MANAGO, AS AN ALLEGED SUSPECT. FOR EXAMPLE:

- DEFENDANT HELMS, OWN EYE WITNESS BEAUVAIS, HIM THAT, "ALL THREE (3) LEFT TOGETHER IN THE VEHICLE THE TRUCK, SHE THEN STATES THAT, SHE DOESN'T KNOW IF THEY CARRIED HER OR NOT (YOUNGER WOMAN)

- ON AUGUST 30, 2017 WITNESS BEAUVAIS ADVISED DEFENDANTS GILMORE, HELMS, AND ZEROON THAT, (1) A BLOCK BLACK FEMALE AND (2) LIGHT BLACK MALE MALE WERE INVOLVED IN THE ABDUCTION OF SHANTE AND WITNESS BEAUVAIS, OBSERVED THE ALLEGED SUSPECTS, PLACING THE LIFELESS BODY OF SHANTE, IN THE WHITE BOXY VAN AND THEN FLED THE AREA

43. PLAINTIFF IS A DARK SKINNED BLACK MALE WITH TATTOOS, ALL OVER HIS BODY AND, PLAINTIFF'S G.P.S DATA, PROVE THAT PLAINTIFF WAS NOT THE YOUNGER BLACK MALE SUSPECT, WHO FLED WITH A BLOCK BLACK FEMALE ON AUGUST 30, 2017, AND DEFENDANTS MORTON, GILMORE, HELMS, ALLEN, FOY, MONTAZEB, AND SHAH, CONSPIRED TO FRAME PLAINTIFF ON JANUARY 29, 2018, CAN REBUT A PRIMA FACIE FINDING OF PROBABLE CAUSE BY SHOWING THAT THE CRIMINAL PROSECUTION, IN THE MATTER OF PEOPLE V. MANAGO CASE NO. FVI17003316, WAS INDUCED BY FRAUD, CORRUPTION, PERJURY, AND FABRICATED EVIDENCE BY (1) DEFENDANT HELMS, (2) LILLIAN MANAGO, (3) PATASHIA KYLE, (4) JONATHAN GONZALEZ (5) DEFENDANT ALLEN (6) DEFENDANT MORTON, (7) DEFENDANT GILMORE (8) DEFENDANT MONTAZEB, (9) DEFENDANT FOY (10) LIELLE WRIGHT (11) DEFENDANT ZEROON, (12) DEFENDANT SCHOELER AND (13) DEFENDANT SHAH, AS ALLEGED IN THIS LAWSUIT (SEE: AWABDY V. CITY OF ADELANTO; 368 F.3D 1062, 1066

44. DEFENDANTS FOY, MONTAZEB, GILMORE, ALLEN, HELMS, ESPINOZA, AND ZEROON, NEVER SHOWED EYE WITNESS ANNETTE BEAUVAIS, MICHAEL SMITH, AND JAMES CAREY, A SIX PACK WITH (1) STEWART MANAGO'S (2) LILLIAN MANAGO'S, (3) PATASHIA KYLE (4) JONATHAN GONZALEZ AND (5) VICTIM SHANTE'S PHOTOGRAPH IN THEM, IN THE INTEREST OF JUSTICE

45. UPON INFORMATION AND BELIEF; ON AUGUST 30, 2017, DECEMBER 14, 2017 AND JANUARY 4, 2018, THE FAILURE BY DEFENDANTS, WRONG FUL CONDUCT AND/OR, THE ALLEGED COVER UP, IN THE 21-25 YEAR-OLD BLACK FEMALE'S DISAPPEARANCE, PRESUMED DEATH OF VICTIM SHANTE, WHO WITNESS BEAUVAIS, HAD REPORTED TO DEFENDANT GILMORE AND DEFENDANT HELMS, TO HAD SUFFERED EXTENSIVE BEATEN AT THE PARK, PRIOR TO HER MURDER AND

Scanned at CDCR and E-Mailed
on __12/1/21__ by __J.L__
   (date)        (initials)
Number of pages scanned: 28

11.          COMPLAINT FOR DAMAGES

BPD-OFFICER(S), FAILED TO PROPERLY INVESTIGATE THE PARK SCENE AND SECONDARY SCENE ON HIGHWAY 58. ( SEE: PRELIMINARY HEARING TRANSCRIPTS, DATED 1-29-18)

46. DEFENDANTS GILMORE, HELMS, ZEPEDA, AND ESPINOZA KNEW THAT, ON AUGUST 29, 2017, WITNESS BEAUVAIS HAD TOLD THEM THAT, ONE BLACK MALE WAS AT THE PARK SCENE ON AUGUST 29, 2017, (PHT NO. 34 AT LINE 25-27); AND TWO (2) BLACK FEMALES, WERE AT THE CRIME SCENE. ( PHT NO. 40 AT LINE 26-28)

47. DEFENDANT HELMS TESTIFIED THAT ON JUNE 8, 2017, LILLIAN MANAGO HAD FILED "FALSE STATEMENTS" AGAINST STEWART MANAGO, DIRECTLY TO HIM, WHICH WERE PROVED TO BE FALSE( PHT NOS. 64-85)

48. DEFENDANTS HELMS, GILMORE, ZEPEDA, AND SCHOOLER, FAILED TO ALLOW BLOOD TO COME FROM A "BLOODY LIP" AT THE PARK SCENE

49. ON AUGUST 30, 2017, DEFENDANT GILMORE ADVISED PLAINTIFF PAROLE AGENT C. HAIOK THAT, DEFENDANTS HELMS AND ZEPEDA, AT THE PARK SCENE, HAD DISCOVERED KNIVES WITH BLOOD, INCLUDING SCISSORS WITH BLOOD LOCATED AT THE SCENE, WHICH WERE COLLECTED BY BPD-OFFICERS, AS EVIDENCE, IN THE MATTER OF PEOPLE V. MANAGO, CASE NO. FVI17003316

50. DEFENDANT HELMS TESTIFIED THAT, ON AUGUST 30, 2017, AT 201 A.M, WHEN HE LOCATED THE WHITE BOXY VAN (SUV). HELMS NOTICED BLOOD IN THE CENTER CONSOLE AREA OF THE SUV, AND HELMS DID NOT KNOW WHOSE BLOOD THAT WAS. (PHT NO. 39. LINE 7-11)

51. UPON INFORMATION AND BELIEF, ON AUGUST 30, 2017, DEFENDANTS ESPINOZA, GILMORE, HELMS, AND ZEPEDA, WERE REQUIRED TO DETAIN LILLIAN MANAGO; AND PATRSHIA KYLE, PENDING INVESTIGATION INTO THE WHEREABOUTS OF (1) STEWART MANAGO, AND (2) VICTIM SHANTE, ACCORDING TO WITNESS BEAUVAIS, WITNESS CAREY'S AND WITNESS SMITH'S POLICE STATEMENTS ON AUGUST 30, 2017.

52. WITNESS BEAUVAIS ADVISED DEFENDANTS THAT, THE ALLEGED SUSPECTS JUST KEPT ARGUING ABOUT CHEATING AND, THE LIGHT SKINNED BLACK MALE JUST KEAT ASKING FOR HIS SHIT.

Scanned at CDCR and E-Mailed
on __12/1/21__ by ___J.C___
    (date)          (initials)
Number of pages scanned: 23

12.          COMPLAINT FOR DAMAGES

52. WITNESS BEAUVAIS STATED THAT ALL 3 OF THEM LEFT TOGETHER IN THE VEHICLE THE TRUCK (SUV). SHE THEN STATES THAT SHE DOESN'T KNOW IF THEY CARRIED HER OR NOT. (YOUNGER WOMAN)

53. WITNESS BEAUVAIS, THEN MENTIONS LATER THAT SHE THINKS IT WAS HIM THE UNKNOWN BLACK SUSPECT THAT, BROKE ALL THE WINDOWS OUT. SHE STATES THAT SHE ALSO HEARD "STOP! STOP!" LOUD SO SHE THOUGHT SOMETHING ELSE WAS ON, SHE ALSO HEARD THE NAME SHAUTE. (BODY CAM. EVIDENCE DATED. 8-30-17)

54. ON JANUARY 29, 2018, PLAINTIFF ASKED DEFENDANTS MORTON, FOY AND SHAH, TO PROVIDE LILLIAN MANAGE, A "IMMUNITY", AND ALLOW MS. MANAGE TO TESTIFY, AFTER LILLIAN MANAGE, INVOKED HER 5TH AMENDMENT RIGHT. (PNT NOS. 10-14)

55. PLAINTIFF ADVISED DEFENDANTS MORTON, FOY, AND SHAH, AS FOLLOWS:

• DEFENDANT: WELL, IF MS. MANAGE IS NOT GOING TO TESTIFY, YOU KNOW, THAT VIOLATES MY SIXTH AMENDMENT ABOUT CONFRONTATION, AND I OBJECT TO THAT, AND I WOULD MOVE THE COURT FOR DISMISSAL, BECAUSE OF (HEETS) WILL ONLY PROVIDE HEARSAY TESTIMONY. AND I AM NOT GOING TO HAVE THE OPPORTUNITY TO CROSS EXAMINE HER. I WOULD RATHER HER TESTIFY. CAN YOU GIVE HER IMMUNITY AND THEN LET HER TESTIFY? (PNT NO. 14 AT LINE 10-16)

56. ON JANUARY 29, 2018, DEFENDANT MORTON ADVISED PLAINTIFF AS FOLLOWS:

• THE COURT: THE D.A. DOESN'T HAVE TO HAVE HER IF SHE CHOOSES TO TESTIFY, THAT'S FINE. IF SHE CHOOSES TO EITHER INVOKE HER FIFTH AMENDMENT RIGHT OR REFUSE TO TESTIFY, I AM GOING TO RELEASE HER AND D.A. WILL PROCEED WITHOUT HER TESTIMONY (PNT NO. 14 AT LINE 17-22)

57. ON JANUARY 29, 2018, DEFENDANT MORTON MADE A DECISION TO HOLD PLAINTIFF TO AFTER SAID. PRELIMINARY HEARING, AFTER SHE ASSISTED DEFENDANTS FOY, MONTAZEO, GILMORE, HELMS, ALLEN, ESPINOZA WITH CONCEALING POLICE STATEMENTS, WITNESSES, STATEMENTS AND CONCEALING LILLIAN MANAGE'S TESTIMONY FROM THE PRELIMINARY HEARING AFTER LILLIAN MANAGE WAS CALLED BY THE PEOPLE AND DEFENSE.

58. UPON INFORMATION AND BELIEF, ON FEBRUARY 9, 2018 DEFENDANT FOY KNEW THAT LILLIAN MANAGE WAS BEING REPRESENTED BY DEFENDANT SHAH, AND DEFENDANT FOY WAS NOT SUPPOSED TO CONTACT LILLIAN MANAGE, DIRECTLY SINCE SHE HAD ALREADY INVOKED HER 5TH AMENDMENT RIGHTS ON JANUARY 29, 2018.

Scanned at CDCR and E-Mailed
on  12/1/21  by  J.K
      (date)          (initials)
Number of pages scanned: 28

COMPLAINT FOR DAMAGES

59. ON FEBRUARY 9, 2018, DEFENDANT FOY, BEGAN TO HARASS OR, INTIMIDATED LILLIAN MANAGO, BY SENDING HER THE FOLLOWING E-MAIL WHILE MRS. MANAGO WAS ALREADY AT COURT:
• YOU WERE ORDERED TO APPEAR TODAY IN DEPARTMENT V2 AT 8:30 AM, I HAVEN'T SEEN YOU SO FAR TODAY. PLEASE GO TO DEPARTMENT V2 AND CHECK IN WITH THE BARIFF AS SOON AS POSSIBLE. IF WE DON'T HEAR FROM YOU SOON, I WILL ASK THE COURT TO ISSUE AN ORDER FOR YOUR ARREST

60. ON FEBRUARY 9, 2018, DEFENDANTS STODGHILL, MORTON, FOY AND SHAH KNEW THAT, ON JANUARY 29, 2018, LILLIAN MANAGO, HAD REFUSED TO TESTIFY AND THE PLAINTIFF HAD ADVISED DEFENDANT STODGHILL THAT, PLAINTIFF IS AWARE OF CODE OF CIVIL PROCEDURE SECTION 1219(B) WHICH FORBIDS THE COURT FROM PLACING AN ALLEGED "DOMESTIC VIOLENCE" VICTIM WHO REFUSED TO TESTIFY IN CUSTODY AS A MEANS OF PUNISHING CONTEMPT OF COURT.

61. ON MARCH 9, 2018 DEFENDANT STODGHILL CONDUCTED MOTION(S) HEARING, CONCERNING LILLIAN MANAGO, INVOKING HER 5TH AMENDMENT RIGHT ON JANUARY 29, 2018, AND DEFENDANT STODGHILL RULED THAT, LILLIAN MANAGO DID NOT HAVE A LEGAL BASIS FOR INVOKING HER 5TH AMENDMENT RIGHT, REGARDLESS OF THE FACT THAT, LILLIAN MANAGO ADVISED DEFENDANT STODGHILL AND DEFENDANT SHAH THAT, ON AUGUST 30, 2017, SHE FILED A FALSE POLICE REPORT AGAINST PLAINTIFF, BECAUSE, SHE HAD BEEN DRINKING AND DRIVING, AND SHE HAD AN ACCIDENT.

62. ON MARCH 9, 2018 DEFENDANTS STODGHILL, FOY, SHAH, AND HELMS KNEW THAT, ON JUNE 8, 2017 LILLIAN MANAGO HAD FILED A FALSE POLICE REPORT AGAINST STEWART MANAGO, DIRECTLY TO DEFENDANT HELMS, WHICH WERE PROVED TO BE FALSE, IN VIOLATION OF CALIFORNIA PENAL CODE SECTIONS: 19B AND 148.5 (ANT NOS: 64-65), AND (CAD OPERATIONS REPORT NO. 17-019136 DATED: 6-8-17).

63. WHICH IS EVIDENT OF DEFENDANT STODGHILL, CONSPIRING TO CONCEAL DEFENDANT'S MORTON, FOY, SHAH, AND HELMS, WRONGFUL CONDUCT ON JANUARY 29, 2018, BECAUSE DEFENDANT STODGHILL KNEW THAT, ON MARCH 9, 2018, HE COULD NOT LEGALLY MOVE FORWARD, BASED ON DEFENDANT HELMS, FABRICATED EVIDENCE ON AUGUST 30, 2017

64. PLAINTIFF ALLEGES THAT, DEFENDANT'S MORTON, FOY, STODGHILL, MONJRZEB, HELMS, ZEPEDA, GILMORE, ESPINOZA, AND SHAH KNEW THAT ON AUGUST 29, 2017 AND AUGUST 30, 2017 EYE WITNESS BEAUVAIS, EYE WITNESS CAREY AND EYE WITNESS SMITH, NEVER IDENTIFIED PLAINTIFF AS THE SUSPECT THAT, MS. BEAUVAIS CALLED 911 ABUT ON AUGUST 29, 2017 (PRELIMINARY HEARING TRANSCRIPTS. DATED: 1-29-2018)

Scanned at CDCR and E-Mailed
on __12/1/21__ by __J.K__
(date)        (initials)
Number of pages scanned: 28

14.     COMPLAINT FOR DAMAGES

65. DEFENDANTS FOY, MONTAZEB, HELMS, ALLEN, ZEPEDA, GILMORE, AND ESPINOZA, NEVER SHOWED THE EYEWITNESS ANNETTE BENAVAIS A COMPOSITE SKETCH OF PLAINTIFF OR MRS. MANAGO TO DETERMINE WHETHER SHE COULD IDENTIFY PLAINTIFF OR MRS. MANAGO.

66. ON MARCH 9, 2018, LILLIAN MANAGO RECANTED HER ORIGINAL STATEMENTS TO DEFENDANT HELMS AND DEFENDANT SCHULER, ABOUT AUGUST 29, 2017, TO DEFENDANT STODGHILL

67. ON APRIL 13, 2018, LILLIAN MANAGO SIGNED A DECLARATION OF LILLIAN MANAGO, IN WHICH SHE RECANTED HER STATEMENTS ON AUGUST 30, 2017, TO DEFENDANT HELMS

68. ON MAY 11, 2018, DEFENDANT STODGHILL, CONSPIRED TO CONCEAL THE PERSONNEL RECORDS OF DEFENDANTS GILMORE, HELMS, ZEPEDA, ESPINOZA, AND OTHERS, WRONGFUL CONDUCT (SEE: COURT REPORTER'S TRANSCRIPTS DATED: 5-11-2018)

69. DEFENDANTS MENTON, STODGHILL, FOY, HELMS, GILMORE, ALLEN, ZEPEDA, AND ESPINOZA, FAILED TO GIVE PLAINTIFF THE NAMES AND BUSINESS ADDRESSES, INCLUDING THE MEDICAL REPORTS DATED: 8-30-17, FROM THE PARAMEDICS, WHO ALLEGEDLY TREATED LILLIAN MANAGO ON HIGHWAY-58 (CAT No. 5) AT LINE 1-9, DATED: 4-24-2018)

70. ON AUGUST 9, 2018, DEFENDANT STODGHILL GRANTED PLAINTIFF NOTICE OF MOTION AND MOTION, FOR THE DEFENSE PRIVATE INVESTIGATOR LISA VIZZINI TO BE ALLOWED TO COME INTO HIGH DESERT DETENTION CENTER (HDCC) TO TAKE PHOTOGRAPHS OF PLAINTIFF'S INJURIES, FROM THE PARK INCIDENTS ON AUGUST 29, 2017.

71. ON SEPTEMBER 4, 2018 PLAINTIFF PREPARED A LETTER TO SUPERVISING JUDGE LISA ROGAN, AND JOHN P. VANDER FEER, PRESIDING JUDGE, ADVISING BOTH OF THEM THAT, ON AUGUST 30, 2018, DEFENDANT STODGHILL, IS ASSISTING DEFENDANTS FOY, MONTAZEB, HELMS, ALLEN, GILMORE, WITH HIDING THE FOLLOWING BRADY MATERIAL EVIDENCE (1) PARAMEDICS REPORTS DATED: 8-30-17, (2) DEFENDANTS MONTAZEB, HELMS AND ALLEN'S, INTERVIEW REPORTS AND AUDIO FILE DATED: 1-4-18.

72. ON SEPTEMBER 26, 2018, INVESTIGATOR VIZZINI CAME TO HDOC TO TAKE PHOTOGRAPHS OF PLAINTIFF'S INJURIES THAT PLAINTIFF RECEIVED AT THE PARK ON AUGUST 29, 2017, PLAINTIFF WAS ESCORTED TO THE HDOC-OFFICIAL VISITING AREA IN ORDER FOR MS. VIZZINI TO TAKE SAID PHOTOGRAPHS OF PLAINTIFF'S INJURIES. WHICH ARE AS FOLLOWS; (1) A PUNCTURE TO THE BACK OF PLAINTIFF'S "NECK AREA" FROM AUGUST 29, 2017 (2) A PUNCTURE TO THE RIGHT LOWER SIDE OF PLAINTIFF FROM AUGUST 29, 2017 (3) A LACERATION ON THE TOP OF PLAINTIFF'S HEAD FROM AUGUST 29, 2017, (4) A CUT LACERATION TO THE HEAD; AND (5) A SELF-DEFENSE STAB WOUND TO HIS LEFT HAND FROM SECURING A WEAPON AT THE PARK ON AUGUST 29, 2017. (16) PHOTOGRAPHS

Scanned at CDCR and E-Mailed
on __1/1/21__ by __J.L.__
  (date)        (initials)
Number of pages scanned: 23

15.     COMPLAINT FOR DAMAGES

73. ON SEPTEMBER 26, 2018, EYE WITNESS MICHAEL SMITH MAKES PLAINTIFF A DECLARATION OF MICHAEL SMITH, WITH CELL PHONE PHOTOGRAPHS OF THE INCIDENT ON AUGUST 29/2017 AND AUGUST 30/2017, WHICH CLEARLY PROVES THAT PLAINTIFF AND MURDER VICTIM SHANTE, WERE THE VICTIMS AT THE PARK.

74. INVESTIGATOR VIZZINI, CONTACTED THE BARSTOW POLICE DEPARTMENT, AND SHE WAS DENIED ACCESS TO THE WATCH COMMANDER, MS. VIZZINI EXPLAINED TO OPERATOR 852 THAT, SHE NEED SOMEONE FROM BPD TO INTERVIEW MR. MANAGO REGARDING THE INFORMATION HE HAS PERTAINING TO THE CARJACKING, KIDNAPPING AND HOMICIDE OF A FEMALE BY THE NAME OF SHANTE, OPERATOR 852 WOULD NOT ALLOW MS. VIZZINI TO SPEAK WITH THE WATCH COMMANDER. AS OF SEPTEMBER 26, 2018, MS. VIZZINI, HAD ADVISED PLAINTIFF THAT BPD-OFFICERS, NEVER RETURN HER CALL ON SEPTEMBER 13, 2018.

75. ON SEPTEMBER 27, 2018, PLAINTIFF MAILED A CITIZEN COMPLAINT, PURSUANT TO CALIFORNIA PENAL CODE SECTION 832.5. ALLEGING THAT DEFENDANTS GILMORE, HELMS, ZEPEDA, AND SCHOELEN FAILED TO PROPERLY INVESTIGATE THE PARK SCENE AND THE SECONDARY SCENE, IN ORDER TO CONCEAL THE CRIMES AGAINST PLAINTIFF AND VICTIM SHANTE ON AUGUST 29/2017, AS SHOWN IN THE PRELIMINARY HEARING TRANSCRIPS DATED: 1-29-2018

76. ON SEPTEMBER 27, 2018, DEPUTY BAGWILL AND OTHERS, WERE DISCUSSION THE EVIDENCE THAT, EYE-WITNESS MICHAEL SMITH, MAILED TO PLAINTIFF, AND DEPUTIES, WERE CONCERNED BECAUSE, THEY CAME THAT, HIGHWAY-58 IS THEIR AREA, AND THE BODY, MAY STILL BE THERE.

77. ON SEPTEMBER 29, 2018, DEFENDANTS CANON, LANSDOWN AND SCHIRMBECK, AT THE REQUEST OF BPD-OFFICERS AND DA'S OFFICE, CAME TO PLAINTIFF'S ASSIGNED PRO-PER CELL, WITHOUT A COURT ORDER TO DO SO. PLAINTIFF WAS IN CUSTODY AND WAS REPRESENTING HIMSELF IN THE MATTER OF PEOPLE V. MANAGO, CASE NO FVI1700336, BECAUSE OF PLAINTIFF'S PRO-PER STATUS, PLAINTIFF NEEDED AND WAS ALLOWED TO HAVE, LEGAL WORK PRODUCT IN HIS JAIL CELL.

78. ON SEPTEMBER 29, 2018, DEFENDANTS CANON, LANSDOWN AND SCHIRMBECK AT HDDC, SEARCHED PLAINTIFF'S CELL AND SEIZED MUCH OF PLAINTIFF'S "CONFIDENTIAL WORK PRODUCT" AT THE REQUEST OF DA'S OFFICE AND BDP (COURT REPORTERS TRANSCRIPTS DATED: 11-16-18, 11-29-18, 12-13-18, 2-28-2019, 4-1-19, 6-6-19, 9-13-19, 9-17-19, 9-20-19 AND 10-31-19)

Scanned at CDCR and E-Mailed
on __12/1/21__ by __J.L__
    (date)        (initials)
Number of pages scanned: 28

16.                    COMPLAINT FOR DAMAGES

79. ON SEPTEMBER 29, 2018, ACCORDING TO DEFENDANT SCHIRMBECK, PLAINTIFF HAD MULTIPLE PRIOR ASSAULTS AGAINST STAFF BACK IN 1988. POLICE REPORTS STATE THAT THE WORK PRODUCT WAS COLLECTED INTO BAGS AND ALLEGEDLY PLACED WITH THE REST OF PLAINTIFF'S PROPERTY AT THE JAIL, WHICH WAS PROVED TO BE NOT TRUE, (COURT REPORTERS TRANSCRIPTS DATED: 9-6-19)

80. AFTER PLAINTIFF'S WORK PRODUCT, INCLUDING EYE WITNESS MICHAEL SMITH EVIDENCE WERE SEIZED, BY DEFENDANTS FOY, CAHON, LANSDOWN AND SCHIRMBECK, DEPUTIES REPORTED THAT PLAINTIFF BARRICADED HIS CELL WITH A MATTRESS AND BLOCKED THE WINDOWS WITH NEWSPAPER SO DEPUTIES COULD NO LONGER SEE INSIDE,

81. DEPUTIES CLAIMED THE AMOUNT OF WORK PRODUCT VIOLATED FACILITY POLICY No110.10 WHICH SETS LIMITS OF LAW RELATED ITEMS THAT INMATES MAY POSSESS, INCLUDING INMATE WORK PRODUCT, PLAINTIFF OBJECTED TO THE TAKING OF HIS WORK PRODUCT.

82. DEFENDANT CAHON FORMED AN EXTRACTION TEAM OF SEVERAL DEPUTIES, INCLUDING NILSSON, GRIGSBY, RAZEE, QUARLES, BAGWILL, GRAY AND A PROYO, DEFENDANT CAHON BRIEFED THEM ON THE SITUATION. VIDEO CAMERAS RECORDED THE EXTRACTION WITH AUDIO. DEFENDANT CAHON'S TEAM APPROACHED THE CELL AND TOOK POSITION. PLAINTIFF WAS UPSET AND STATED HE WANTED TO SPEAK TO THE LIEUTENANT IN CHARGE ABOUT THE UNLAWFUL TAKING OF HIS WORK PRODUCT, INCLUDING EYE-WITNESS MICHAEL SMITH'S VIDEO EVIDENCE PHOTOGRAPHS AND DECLARATION ABOUT THE PARK INCIDENT

83. DEFENDANT CAHON WAS UPSET AND STATED NO LIEUTENANT WAS ON SITE AND THAT HE WAS CURRENTLY THE ONE IN CHARGE, PLAINTIFF REFUSED TO TALK TO DEFENDANT CAHON FURTHER BECAUSE DEFENDANT CAHON WAS ONE OF THE DEPUTIES WHO ILLEGALLY SEIZED PLAINTIFF'S WORK PRODUCT IN THE FIRST, WITHOUT A COURT ORDER TO DO SO. OGBUEN V. SUPERIOR COURT, 73 CAL. APP. 4TH (1999); AND UNITED STATES, V. COHEN, 796 F. 2D 20 (1986), AND DEFENDANTS STODGHILL AND CAMBER'S, CONSPIRED WITH DEFENDANTS FOY, CAHON, LANSDOWN, SCHIRMBECK, AND DOES 1 THROUGH 10, TO CONCEAL THE WRONGFUL CONDUCT UNCERTAINLY IN BAD FAITH ON SEPTEMBER 29, 2018 (COURT REPORTER'S TRANSCRIPTS, DATED: 2-28-19, 4-11-19; 9-6-19; AND 9-2019)

84. PLAINTIFF ALSO BELIEVES THIS BASED ON FACILITY POLICY 110.10 BEING ENFORCED IN AN ARBITRARY MANNER. THE LIMITS PLACED ON LAW RELATED ITEMS FOR PRO-PER INMATES SEEMS TO BE SELECTED ARBITRARILY. ARGUABLY, THIS POLICY IS NOT EVEN CONSTITUTIONAL IF IT INFRINGES ON AN INMATE'S ABILITY TO REPRESENT THEMSELVES

Scanned at CDCR and E-Mailed
on __12/1/21__ by __J.K__
    (date)         (initials)
Number of pages scanned: 28        17. COMPLAINT FOR DAMAGES

85. It is undisputed that defendants Cahow, Lansdown, and Schrambeck, had custody of plaintiff's work product in the matter of People V. Manago, case no. FVI17003316 and at best, "the loss of the work product is due to cover-up," and at worst, it is the intentional destruction of exploratory evidence done in bad faith to harass plaintiff's ability to defend himself in the FVI17003316, and to potentially retaliate against plaintiff for alleged prior assaults against deputies in 1988.

86. On September 29, 2018, the video of the incident shows no force used by plaintiff even though plaintiff was upset his work product had been illegally taken without a court order to do so.

87. Plaintiff was not charged with the using of force against anyone, yet significant force was used against plaintiff on September 29, 2018. The physical hand to hand force, the pepper spray, the pepper ball gun and sting ball grenade were all unnecessary and excessive.

88. On September 29, 2018 defendants Cahow, Lansdown, Schrambeck, Foy and Stoodhill, conspired to charge plaintiff, in the matter of People V. Manago, case no. FVI19000666, with (felony vandalism).

89. Plaintiff alleges that on September 6, 2019, defendant Camber determined that, the work product in People V. Manago, case no. FVI17003316 no longer existed and none of the defendants, seem to have any idea what happened to plaintiff's seized work product. As of this date, plaintiff's work product appears to have been lost or destroyed by members of the prosecution team (see: court reporters transcripts dated: 9-6-19, 9-13-19, 9-17-19, and 9-20-19)

90. Plaintiff can show that on September 29, 2018, defendants Cahow, Lansdown, and Schrambeck, had deliberately falsified their reports that plaintiff had "too much" work product in his cell, that Sergeant J. Marshal gave plaintiff permission to have, in order to justify the unlawful use of force and subsequent destruction of plaintiff's work product. Plaintiff also alleges on September 29, 2018, excessive force was used against plaintiff by defendant Cahow and his entire extraction team.

91. Plaintiff alleges that, at all times relevant mentioned, defendants Morten, Shah, Stoodhill, Camber, Foy, Monjazeb, Fimbres conspired with defendants Cahow, Lansdown, Schrambeck, Wead, Omelveny and Does 1 through 10, to engage in destroying exculpatory evidence to prevent plaintiff from contesting their complaint on December 7, 2017,

Scanned at CDCR and E-Mailed
on __12/1/21__ by __JK__
(date)        (initials)
Number of pages scanned: 28

18        Complaint For Damages

92. On October 25, 2019, Defendant M. Camber, appointed Lillian Manago, Defendant D. Wood, to represent Her; at a Motion Hearing. After Defendant Wood's spoke to Lillian Manago, Defendant Wood's advised Defendant M. Camber that Mrs. Manago has a legal basis for invoking Her Fifth Amendment Rights and she would not testify in the PEOPLE V. MANAGO, CASE No. FVI17003316,

93. On October 31, 2019, Lillian Manago was appointed Defendant Shah, to represent Her, and After Defendant Shah spoke with Lillian Manago, Defendant Shah, advised Defendant Camber's that, Lillian Manago had a legal basis for invoking Her Fifth Amendment Rights and she would not testify in the FVI17003316

94. On August 30, 2017, Lillian Manago had fabricated the (1) "Domestic Violence" case, and (2) assault with a deadly weapon against Plaintiff because, she believed that Plaintiff, had allegedly been cheating with Murder Victim Shante on August 29, 2017. (Which Plaintiff denies)

95. Plaintiff alleges that, on March 9, 2018, April 13, 2018, October 25, 2019, And October 31, 2019, Lillian Manago, had previously advised Defendants Stodghill, Foy, Camber, Shah, Wood, and Omavehy that, she lied to Defendant Helms, and the police report was not entirely true (Court Reporters Transcripts dated: March 9, 2018; May 11, 2018, October 25, 2019; and October 31, 2019)

96. Plaintiff alleges that, at all times relevant mentioned, above Defendants Norton, Stodghill, Foy, Camber, Shah, Wood, Montazeb, Omavehy, Gilmore, Espinoza, Zepeda, observed body cam. Evidence dated: 8-30-17, of Defendant Helms encouraging Lillian Manago, to lie, and say that, "she was stabbed," which Ms. Kyle and Ms. Manago, previously advised Defendant Helms, that she was not stabbed. HARDEN V. SAN FRANCISCO BAY RAPID TRANSIT DIST. 215 CAL. APP. 3D 7, 15 263 CAL, RPTR 549 (1989)

97. On October 31, 2019, Defendants Stodghill, Camber, Foy, Shah, Wood, Helms, Allen, Montazeb, and Does 1 through 10 knew that, "Lillian Manago" made false statements to Defendant Helms, to conceal her "DUI" and alleged involvement in other crimes on August 29, 2017 and August 30, 2017, as evident from eye witness Michael Smith's. Cell Phone. (Video)

98. Plaintiff alleges that, on November 8, 2019, Defendant Camber and Foy conspired to invoke Plaintiff's Pro Per status, with the attempt to "cover up" the false arrests, by having the Public Defendants office and the Conflict Panel Attorneys to remove private investigators Jeronhely, Vizzini and Phillips from the Plaintiff's files

Scanned at CDCR and E-Mailed
on __12/1/21__ by _J.K_
(date)       (initials)
Number of pages scanned: 28

19.                    COMPLAINT FOR DAMAGES

99. Plaintiff alleges that, on March 13, 2020 through February 19, 2021 defendants Camber, Foy, Shah, Wood, Omelveny, Fimbres, Ramirez, Vander Halley, Jensbury and Does 1 through 10, conspired with Lillian Manago's conflict panel attorneys to remove audio files, video files and document files, which proved that plaintiff was the victim of a false arrests and malicious prosecution, based on fabricating of evidence on August 29, 2017, August 30, 2017 and September 29, 2018

100. On January 29, 2018 through February 19, 2021 defendants Morton, Stoughill, Foy, Montazeb, Shah, Gilmore, Helms, Allen, Carnow, Lansdown, Schirbeck, Ramirez, Vander Hallen, Jensbury, Fimbres, Omelveny, Espinoza, and Does 1 through 10, conspired to violate plaintiff's rights by fabricating evidence against plaintiff and withheld <u>Brady</u> <u>evidence</u> that would assist in plaintiff's defense, which were as follows:

1. The DNA evidence from Highway-58; and medical reports dated: 8-30-17;

2. Lillian Manago's and Stewart Manago's cell phones, dated: 8-29-17;

3. Plaintiff's "Bloody Jacket" with stab wounds to it dated: 8-30-17;

4. The "Bloody Knives" dated: 8-30-17;

5. Plaintiff's GPS-Evidence data, dated: 8-29-17; and 8-30-17;

6. Eye-witness Michael Smith's, CD of the park incident dated: 8-29-17; and 8-30-17

7. Plaintiff's cell phone data dated: 8-29-17; and 8-30-17 and;

8. Plaintiff's black I phone with video of the park incident (court reporters transcripts, dated: March 9, 2018, November 29, 2018, January 17, 2019, and September 6, 2019)

101. Plaintiff alleges that, on February 13, 2020, and July 30, 2020 defendants J. Ramirez, Vander Halley, Jensbury conspired with defendants Foy, Fimbres, and Does 1 through 10, to illegally remove plaintiff's (25) discovery CD's on different dates, from different individuals, including eye-witness Michael Smith, from plaintiff's pro-per property at NVDF-law library without plaintiff's permission or, a court order to do so, and deliver to defendant Fimbres at the Rancho OAIS office, which some of the CD's came up missing.

102. Plaintiff alleges that on July 24, 2020 through February 19, 2021 defendants Foy, Omelveny, Camber, Cahon, Lansdown, Schirbeck, Ramirez, Vander Hallen and Does 1 through 10, did withhold evidence that was favorable either because it had exculpatory evidence and/or could be used to impeach Lillian Manago, Natashia Kyle, and defendants Foy, Espinoza, Gilmore, Helms, Zepeda and Schooler, which were as follows:

Scanned at CDCR and E-Mailed
on 12/1/21 by J.L
(date)     (initials)
Number of pages scanned: 28

20.     Complaint for Damages

1. Private investigator Suzanne Sfroahely's reports from February 28, 2018, through June 1. 2018.

2. Private investigator Lisa Vizzini's reports from June 26, 2018 through October 31, 2019.

3. Private investigator Joe Phillips's reports from September 17, 2019, through November 8, 2019. Each of the private investigators named above conducted (1) witness interviews, (2) took photographs and conducted other investigative work.

4. Plaintiff's cell phone video evidence.

5. Eye witness Michael Smiths' cell phone video evidence and declaration.

6. Plaintiff's black i-phone with video of park incident. And

7. The people charged plaintiff with domestic violence and vandalism in People v. Manago, case no. FV.17008316. And People v. Manago, case no. FV.19000666, during that period, plaintiff had meticulously organized his cases file consisted of four (4) bags. The were filled with declarations, letters and other items of evidentiary value, in FV.17008316

103. The sheriff had originally placed plaintiff at the HDOC while he was arrested, on the alleged domestic violence (FV.17008316) charges, on September 30, 2018, the sheriff transferred plaintiff to WVDOC.

104. During the transition the prosecution team managed to lose all four (4) bags of discovery and work product. The sheriff managed to conduct an search of plaintiff's cell and docs 1 through 10, including defendants Cahen and Lonsdown, removed plaintiff property and work product. Defendants did not return these documents, video-photographs, to plaintiff and defendants Camden, Foy, and does 1 through 10, consider said work product lost; which in the hands of members of the people.

105. Defendant Camden, and the court had hearings on how the sheriff managed to lose plaintiff's work product. The hearings were conducted by defendant Stodghill on February 28, 2019, and April 11, 2019; and by defendant Camden on September, 6th, 13th, 17th, and 20th of 2019

Scanned at CDCR and E-Mailed
on  12 / 1 / 21  by  J.K
     (date)          (initials)
Number of pages scanned: 28

21.          Complaint for damages

106. DEFENDANT CAMBER DECIDED THAT PLAINTIFF'S "WORK PRODUCT" IS GONE. DEFENDANT CAMBER STATED THAT, "I'M NOT CONVINCED THAT IT WAS SOMETHING YOU DID. IT SEEMS THAT IT WAS PROBABLY LOST BY THE SHERIFF IN TERMS OF THE WAY YOU WERE MOVED AROUND." REPORTER'S TRANSCRIPTS (AT. 9-6-19 PG. 26, LINE 24.)

107. DEFENDANT CAMBER STATED. "AS TO THE SHERIFF'S CONDUCT, THE COURT DID NOT FIND THE EXISTENCE OF BAD FAITH. THE COURT BELIEVES THAT SOMETHING HAPPENED TO CAUSE SOME OF YOUR ITEMS TO BE DAMAGED, THE COURT BELIEVES THE SHERIFFS TOOK PROPERTY BECAUSE YOU HAD TOO MUCH IN YOUR CELL AND LOST IT. THE PROPERTY IS GONE. YOU CAN'T RECREATE IT." AT 9-13-19, PG 37 LINE 2-3

108. DEFENDANT CAMBER STATED, "THE COURT IS GOING TO DENY YOUR MOTION (TO DISMISS) WITHOUT PREJUDICE, THAT MEANS YOU CAN BRING IT AGAIN, AND IF YOU WANT TO TAKE TIME TO PROVIDE EVIDENCE TO THIS COURT THAT DEMONSTRATES BAD FAITH BY THE PEOPLE, THIS COURT IS WILLING TO LISTEN TO IT.

109. ON SEPTEMBER 20, 2019, PLAINTIFF ASKED THE COURT TO REVIEW ANY VIDEO THE VIDEO TAPES, AND AUDIO CONVERSATIONS BETWEEN PLAINTIFF, AND DEFENDANT CAMBER, WHO INITIALLY ADVISED PLAINTIFF THAT, ON SEPTEMBER 29, 2018 THE DA'S OFFICE AND BPD OFFICERS, SEND HIM TO REMOVE PLAINTIFF'S CASE FILES, WHICH DEMONSTRATES BAD FAITH, AND DEFENDANT CAMBER NEVER REVIEWED SAID EVIDENCE (SEE COURT REPORTER'S TRANSCRIPTS DATED: 9-20-19, AND MINUTE ORDERS DATED: 9-20-19)

110. UPON INFORMATION AND BELIEF, ON FEBRUARY 19, 2021 DEFENDANTS FOY, OMEVONY, AND DOES 1 THROUGH 10, DID CONSPIRE TO "COVER UP", DEFENDANTS MORTON, FOY, JEWSBURY, STODGHILL, MONTAZEB, FIMBRES, RAMIREZ, VANDERKALLEN, ESPINOZA, GILMORE, HELMS, ZEPEDA AND SCHOELEN'S "MALFEASANCE OF OFFICE IN THE WASTE OF PUBLIC FUNDS IN THE MATTERS OF (1) FVI11003316, AND (2) FVI19000666

111. PLAINTIFF ALLEGES, ON FEBRUARY 19, 2021, DEFENDANT OMEVONY, FOY, ESPINOZA, GILMORE, HELMS, ALLEN, SCHOELEN, MORTON, SHAH, WOOD, FIMBRES, MONTAZEB, ZEPEDA, VANDERKALLEN, RAMIREZ, STODGHILL CAMBER, CONSPIRED WITH DOES 1 THROUGH 10, WITH THE ASSISTANCE OF JUDGE T. RAPHAEL, TO DISMISS FVI11003316 AND FVI19000666, OVER PLAINTIFF'S OBJECTIONS. AFTER PLAINTIFF PROVED THAT DEFENDANTS MORTON, STODGHILL, SHAH, WOOD, CAMBER, MONTAZEB, FIMBRES, FOY, OMEVONY, ALLEN, HELMS, GILMORE, ESPINOZA, CANON, LANSDOWN, VANDERKALLEN, SCHARMBECK, JEWSBURY, RAMIREZ, AND DOES 1 THROUGH 10, TO CONCEAL "KEY EVIDENCE" AS ALLEGED THROUGHOUT THIS LAWSUIT, INCLUDING (1) PRIVATE INVESTIGATOR'S REPORTS, (2) AUDIO FILES, (3) BODY CAM EVIDENCE, (4) EYE WITNESSES' FULL STATEMENTS, FROM ANNETTE DONOVANS JAMES CAREY AND MICHAEL SMITH (5) PLAINTIFF'S CONFIDENTIAL WORK PRODUCT. (6)

Scanned at CDCR and E-Mailed

on __12/1/21__ by __J.K__

(date)        (initials)        22.

Number of pages scanned: 23

COMPLAINT FOR DAMAGES

GILMORE, ZEPEDA, ALLEN, AND HELMS, FULL POLICE REPORTS, (7) PLAINTIFF'S DISCS, AND (8) BARSTON FIRE DEPARTMENT AGENTS. MIRELES V. WACO, 502 U.S. DIST. 9, 11-12, 112 S. CT. 286, 116 L. ED 2ND 9 (1991); TOWER V. GLOVER 467 U.S. 914, 920, 923, 104 S.CT. 2820; AND AWABOY V. ADELANTO, 368 F. 3RD 1062. (2004)

112. PLAINTIFF ALLEGES THAT, AT ALL TIMES RELEVANT MENTIONED DEFENDANTS, ATTEMPTED TO FRAME PLAINTIFF, REGARDLESS OF THE FACTS, ON SEPTEMBER 26, 2017; AND THE EYE WITNESS MICHAEL SMITH'S, VIDEO-PHOTOGRAPHS, WERE CLEAR THAT LILLIAN MANAGO WAS NOT MURDER VICTIM SHANTE, AND THE FACTS WERE CLEAR THAT PLAINTIFF WAS A VICTIM, AND LILLIAN MANAGO HAD NO LIP INJURY, WHEN SHE LEFT THE PARK AS LILLIAN MANAGO; FALSELY REPORTED.

113. PLAINTIFF ALLEGES THAT, ON AUGUST 30, 2017, DEFENDANTS HELMS, ZEPADA, DID REMOVE SEVERAL "BLOODY KNIVES" FROM THE PARK SCENE.

114. PLAINTIFF ALLEGES THAT, ON AUGUST 30, 2017, DEFENDANT GILMORE CONDUCTED SEVERAL INTERVIEWS WITH WITNESSES, AND OTHER SUSPECTS, AND DEFENDANT GILMORE, ALLEGEDLY DID NOT PREPARE ANY POLICE REPORTS.

115. DEFENDANT GILMORE ADMITTED TO THE DISCOVERY OF THE "BLOODY KNIVES" AT THE PARK, BY DEFENDANTS HELMS AND ZEPEDA ON AUGUST 30, 2017, WHICH ARE CURRENTLY MISSING, AFTER THE DEFENDANTS, COLLECTED THEM.

116. DEFENDANT ZEPADA, TOOK CONTROL OF THE PARK SCENE, AND DEFENDANT HELMS LEFT, THE PARK SCENE. DEFENDANT ZEPEDA, NEVER PREPARED A POLICE REPORT ON AUGUST 30, 2017, BEING INVOLVED IN THE PARK INVESTIGATION ON AUGUST 30, 2017,

117. DEFENDANT SCHOOLER, DID NOT PREPARE AN INVESTIGATIVE REPORT, ABOUT HER PROCESSING THE (SUV) ON HIGHWAY-58, ON AUGUST 30, 2017, WHICH HAD ALOT OF UNIDENTIFIED BLOOD EVIDENCE OF SUSPECTS/VICTIMS, FROM THE PARK SCENE,

118. DEFENDANT ESPINOZA, SIGNED OFF, ON DEFENDANT HELMS POLICE REPORT, KNOWING THAT, THE "BLOOD KNIVES", WERE MISSING ON AUGUST 30, 2017,

119. DEFENDANTS GILMORE AND HELMS, HIDE THEIR INTERVIEWS WITH KEY WITNESSES, AFTER, THEY REALIZED THAT, LILLIAN MANAGO, PATASNIA KYLE, AND LILIG WRIGHT HAD LIED TO THEM, AND MISLED THEIR INVESTIGATION

120. ON SEPTEMBER 29, 2018, DEFENDANTS CANON, LANSDOWN, SCHIRMBECK AND DOES 1 THROUGH 10, ILLEGALLY SEIZED PLAINTIFF'S "WORK PRODUCT" WITHOUT AND COURT ORDER TO DO, AND NEVER RETURN IT.

Scanned at CDCR and E-Mailed
on 12/1/21 by J.L
(date)          (initials)
Number of pages scanned: 23

121. Defendant Ramirez admitted that, on February 13, 2020, an envelope containing plaintiff's pro-per CD's was sent to the District Attorney's office in Rancho Cucamonga, to Defendant Fimbres

122. Defendant Ramirez admitted that, on July 30, 2020, a second envelope containing plaintiff's pro-per CD's was sent to the District Attorney's office

123. Defendants Ramirez, Vanderkallen, Jewsbury, Fimbres, conspired with Defendant Foy, to release (2s) CD's, to the DA's office, without plaintiff's permission, or a court order on July 30, 2020, in violation of the sheriff's pro-per policy.

124. Defendants Morton, Stodhill, Camara, Foy, Montazeo, Fimbres, Shah, Wood, O'melveny, assisted Barton police department, and the sheriff department, with concealing the civil rights violations of (1) plaintiff and (2) murder victim Shante on August 29, 2017 and August 30, 2017 (see: preliminary hearing transcripts, dated: 1-29-2018)

125. Plaintiff alleges that on December 14, 2017 through February 19, 2021, did not turn over "Brady evidence" that "was available at or before plaintiff's preliminary hearing".

126. Plaintiff alleges that, on December 4, 2017 through February 19, 2021, plaintiff was in custody.

127. Plaintiff argues that, on January 29, 2018 through February 19, 2021, has thereby rebutted the prima facie evidence of probable cause from Defendant Morton's decision to hold plaintiff to answer after his preliminary hearing.

128. Plaintiff alleges that, on February 19, 2021, Judge T. Raphael dismissed both criminal case nos: FVI17003316; and FVI19000666, over plaintiff's objections (see: court reporter's transcripts, dated: 2-19-2021.

129. On February 19, 2021, Defendant Foy; and Defendant O'melveny conspired to frame plaintiff, from April 2020 through February 19, 2021, by concealing evidence, in case nos: FVI17003316 and FVI19000666

130. Plaintiff alleges that, on December 7, 2017 through February 19, 2021 city officials conspired to violate plaintiff's and murder victim Shante's civil rights by making false arrests, and withholding evidence of the "bloody knives" and other relevant evidence on August 29, 2017 through July 30, 2020,

Scanned at CDCR and E-Mailed
on 12/1/21 by J.K
(date)        (initials)
Number of pages scanned: 28

24.   Complaint for Damages

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

PLAINTIFF STEWART HANAGO, RESPECTFULLY REQUEST THAT THE COURT GRANT THE FOLLOWING (RELIEF):

    A. SET THIS MATTER FOR A JURY TRIAL;

    B. GENERAL AND SPECIAL DAMAGES ACCORDING TO PROOF AT TRIAL;

    C. MEDICAL AND MEDICAL AND MENTAL HEALTH RELATED EXPENSES ACCORDING TO PROOF AT TRAIL; AND

    D. FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER

 

I, STEWART HANAGO, DECLARE THAT THE ALLEGATIONS IN THIS COMPLAINT ARE BASED ON PERSONAL KNOWLEDGE AND PERSONAL INVESTIGATION. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

    DATED: 12-1-2021

                        RESPECTFULLY SUBMITTED

                        BY:

                        STEWART HANAGO, BN4545

                        IN-PRO-PER

Scanned at CDCR and E-Mailed
on __12/1/21__ by __J.L__
   (date)       (initials)
Number of pages scanned: 22

12-1-2021

*(Date)*

                          *(Signature of Plaintiff)*

                      COMPLAINT FOR DAMAGES